# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTHONY KINGSBERRY, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 07-cv-118-MJR |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, a federal inmate currently confined at the the United States Penitentiary located in Florence, Colorado (USP-Florence), brings this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Torts Claim Act (FTCA), 28 U.S.C. § 2671 *et seq.* Plaintiff seeks damages for injuries he allegedly received as a result of being beaten and battered by the prison guards. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## THE COMPLAINT

Briefly, Plaintiff alleges that on October 30, 2005, he was "viciously assaulted" by Defendants Reynolds and Thompson while he was handcuffed and shackled. Plaintiff states that this beating was witnessed by Defendants Samples, John Does 1 through 4, and Nurse Cruz - who allegedly failed to intervene and stop the unlawful beating. Plaintiff asserts that he suffered the following injuries as a result of this beating: (1) a broken left incisor tooth; (2) a torn left biceps muscle; and (3) a torn or ruptured left pectoral major muscle. Plaintiff claims the beating violated his rights under the Eighth Amendment. Liberally construing the complaint, Plaintiff seeks damages against the United States of America under the FTCA and against the individual defendants pursuant to *Bivens*.

## DISCUSSION

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under *Bivens*. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Assault or battery claims usually cannot be brought against the United States under the FTCA, except, however, such claims may be maintained against the United States for assaults or batteries committed by "investigative or law enforcement officers of the United States Government." *See* 28 U.S.C. § 2680(h). The Court assumes, without deciding, that the defendants (or most of them) are "law enforcement officers of the United States." *Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831, 835-36 (2008) (holding that the phrase "other law

2

enforcement officer" in 28 U.S.C. § 2680(c) includes Bureau of Prison officers who allegedly lost inmate's property).

Because a judgment against the United States in an FTCA action precludes recovery of a judgment against individual defendants in a *Bivens* action for the same acts or omissions, Plaintiff cannot receive a double recovery. *See* 28 U.S.C § 2679(b)(1); *Arevalo v. Woods*, 811 F.2d 487, 490 (9th Cir. 1987). Nevertheless, Plaintiff may maintain both an FTCA claim and a *Bivens* action in the same suit. *Ting v. United States*, 927 F.2d 1504, 1513 n.10 (9th Cir. 1991). Therefore, Plaintiff's claims survive threshold review pursuant to 28 U.S.C. § 1915A and should not be dismissed at this time.

**DISPOSITION**

The Clerk is **DIRECTED** to prepare an original summons for Defendants **Samples, Reynolds, Thompson, and Cruz.**. The United States Marshal is **DIRECTED** to serve the summons, a copy of the complaint, and this order upon Defendant **Samples, Reynolds, Thompson, and Cruz** pursuant to Rule 4(i)(3) of the Federal Rules of Civil Procedure.

The Clerk is **FURTHER DIRECTED** to prepare a <u>copy</u> of each summons, a copy of the complaint, and a copy of this Order to be served by the United States Marshal on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** and to the **ATTORNEY GENERAL of the UNITED STATES** pursuant to Rule 4(i)(1) of the Federal Rules of Civil Procedure. Plaintiff is **ADVISED** that service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on properly prepared USM-285 forms and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

Plaintiff is **ORDERED** to serve upon each defendant, or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to each defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 17th day of February, 2009.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**