THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY KINGSBERRY,           )<br>                              )<br>        Plaintiff,            )<br>                              )<br>vs.                           )<br>                              )<br>UNITED STATES OF AMERICA, GEORGE )<br>SAMPLE, MARVIN THOMPSON, R.L. )<br>(CRUSE) REYNOLDS, and UNKNOWN )<br>JOHN DOES 1, 2, 3, and 4,     )<br>                              )<br>        Defendants.            )  | Case No. 07-cv-0118-MJR-CJP |

## **MEMORANDUM & ORDER**

**REAGAN, District Judge:**

Before the Court is the defendant United States of America's motion to dismiss Count 1 of the First Amended Complaint (Doc. 56.).[1] The government seeks dismissal of Count 1 for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). Plaintiff filed a response (Doc. 63), to which no reply was filed. As such, the motion is fully briefed and the Court now rules as follows.

The purpose of a motion to dismiss is not to decide the merits of the case. A Rule 12(b)(1) motion tests whether the Court has subject matter jurisdiction, (*Long v. Shorebank Development Corp.,* 182 F.3d 548, 554 (7th Cir.1999)), while a Rule 12(b)(6) motion tests the sufficiency of the complaint (*Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990)). In reviewing a motion to dismiss under either rule, the Court takes as true all factual allegations in

---

[1] The Court has corrected the spelling of the defendants' names from how plaintiff spelled them in his pro se complaint to how the defendants spell their own names.

plaintiff's First Amended Complaint (Doc. 55), and draws all reasonable inferences in plaintiff's favor. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614, 618 7th Cir. 2007).

## Rule 12(b)(1) and Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) is the mechanism by which subject-matter is challenged. The plaintiff bears the burden of proving that the jurisdictional requirements have been met. *United Phosphorus, Ltd. v. Angus Chemical Co.,* 322 F.3d 942, 946 (7th Cir. 2003).

Count 1 of plaintiff's Complaint is captioned: "FEDERAL TORT CLAIMS ACT 28 U.S.C. § 2671, *et seq.* (Against Defendant United States of America)" (Doc. 55, p. 8.). In Count 1, plaintiff alleges that the United States of America—through individual defendants George Sample, Jon Reynolds, Marvin Thompson and R.L. (Cruse) Reynolds, acting within the scope of their employment as employees, servants and/or agents of the Bureau of Prisons—subjected plaintiff to "malicious violence and sexual assault," tortured, beat and abused plaintiff, "violating Plaintiff's Eighth Amendment rights under the Constitution to be free from cruel and unusual punishment" (Doc. 55, pp. 8-9). Numerous specific tortious acts are described (Doc. 55, pp. 3–8).

It is well settled that a suit against federal officers in their official capacities is a suit against the United States. *Del Raine v. Carlson,* 826 F.2d 698, 703 (7th Cir.1987). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, is the exclusive remedy for certain common-law torts committed by federal employees acting within the scope of their employment.[2] 28 U.S.C. § 2679(b)(1). So-called "official capacity" constitutional claims against individual federal employees are really claims against the United States and must be dismissed because the United States cannot be sued for constitutional torts absent a waiver. *F.D.I.C. v. Meyer,* 510 U.S. 471, 485-

---

[2] Several torts are excluded, and there are exclusions to the exclusions. *See* 28 U.S.C. § 2680(a-n).

486 (1994); *see also United States Postal Serv. v. Flamingo Industries (USA) Ltd.,* 540 U.S. 736, 743 (2004). Instead, constitutional tort claims are brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). More to the point, district courts have exclusive jurisdiction over any civil action against the United States for money damages or personal injury caused by the negligent or wrongful act or omission of a government employee acting within the scope of his or her employment. 28 U.S.C. § 1346(b)(1).

The government does not dispute that the Court has jurisdiction under Section 1346(b)(1) over FTCA claims (Doc. 56, p. 4 n.1). Rather, by focusing on the specific reference to the Eighth Amendment and other related language contained in Count 1, the government characterizes Count 1 as alleging a constitutional tort. Citing *F.D.I.C. v. Meyer,* 510 U.S. 471, 479, 485-486 (1994), the government asserts that the Court lacks subject-matter jurisdiction because constitutional claims cannot be brought against the United States under the FTCA. The government also takes an alternate tact in a footnote (Doc. 56, p. 4 n. 1). The government observes that in *Sobitan v. Glud*, 589 F.3d 379, 388 (7th Cir. 2009), the Court of Appeals for the Seventh Circuit read *F.D.I.C. v. Meyer*, 510 U.S. at 479, as holding that the scope of jurisdiction in 28 U.S.C. § 1346 is "co-extensive" with the United States's waiver of sovereign immunity under the FTCA. Thus, the government implies that Rule 12(b)(1) can be used to delve deeper than the face of the complaint.

Like the government, plaintiff muddles his arguments regarding subject-matter jurisdiction and the adequacy of the claim. Plaintiff generally counters that, under the notice pleading standard of Rule 8(a), Count 1 adequately states an FTCA claim for assault and battery. Plaintiff does not specifically address the use of language relating to, and the specific reference to the Eighth Amendment contained in Count 1, but he argues in the alternative for leave to amend the First

Amended Complaint by interlineation to cure any pleading error. Plaintiff also does not specifically address the government's procedural argument about the scope of Rule 12(b)(1).

Insofar as the government intertwines subject-matter jurisdiction and waiver of sovereign immunity, the Court of Appeals for the Seventh Circuit adheres to the minority position that the issue of waiver of sovereign immunity under the FTCA should not be characterized as jurisdictional. As the Court of Appeals for the Seventh Circuit stated most recently in *Williams v. Fleming*, 597 F.3d 820, 823-824 (7th Cir. 2010), the sovereign immunity waiver exceptions in 28 U.S.C. § 2680 are "mandatory rules of decision," but they do not withdraw subject-matter jurisdiction. *Williams* makes clear that dismissal of an FTCA action based on one of the exceptions to the waiver of sovereign immunity is a decision on the merits of the case, rather than on subject-matter jurisdiction.[3] *Id*. at 823.

The government's reliance on *F.D.I.C. v. Meyer* and *Sobitan v. Glud* is misplaced. In *F.D.I.C. v. Meyer*, the Supreme Court, in dicta, addressed an attempt to have the jurisdictional grant in 28 U.S.C. § 1346(b) read broadly and the government's waiver of immunity in the FTCA read narrowly. 510 U.S. at 479. The Supreme Court declined to "parse" or "uncouple" the statutes. In *Sobitan v. Glud*, 589 F.3d 379, 388 (7th Cir. 2009), the Court of Appeals for the Seventh Circuit intermingled the FTCA waiver exceptions and resulting claim preclusion with an analysis of the adequacy of a Westfall Act claim—a Rule 12(b)(6) analysis. *See Sobitan v. Glud,* No. 06-C-5366,

---

[3]Claim preclusion is an affirmative defense under Federal Rule of Civil Procedure 8(c). *See also U.S. Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003). "A complaint states a claim on which relief may be granted whether or not some defense is potentially available." *United States v. N. Trust Co.,* 372 F.3d 886 (7th Cir.2004). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) appears to provide the earliest opportunity to raise the issue—after the United States has filed an answer. *See generally Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007).

2007 WL 2608828 at *1 (N.D.Ill. Sept. 4, 2007).[4] Therefore, *Sobitan* is not really useful for analyzing a motion under Rule 12(b)(1).

In any event, under the generous notice pleading standard, especially for *pro se* plaintiffs, Count 1 can be read to assert an FTCA common-law/Illinois claim for assault and battery; regardless of plaintiff's ill-advised use of language relating to, and the specific reference to the Eighth Amendment. The caption of Count 1 makes clear that plaintiff intended to set forth an FTCA claim. The Court's threshold order, although addressing the original complaint, recognized a viable FTCA claim based on the same general allegations (Doc. 6). Plaintiff alleges numerous tortious acts that fall under the ambit of the FTCA, such as breaking plaintiff's tooth, popping his pectoral muscle, and kicking and punching him (Doc. 55, pp. 3-8). And, 28 U.S.C. § 1346(b)(1) makes clear that the district courts have exclusive jurisdiction over an FTCA claim. Therefore, Count 1 passes muster under Rule 12(b)(1). The adequacy of the claim will be analyzed further relative to Rule 12(b)(6).

## Rule 12(b)(6) and the Adequacy of the Stated Claim

Federal Rule of Civil Procedure 12(b)(6) is a mechanism for asserting that the plaintiff has failed to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Second, the factual allegations in the complaint, assumed to be true, must be sufficient to raise the possibility of relief above the

---

[4] In *Sobitan*, when the same claim was framed under the FTCA, the government only argued that the claim should fail because the plaintiff had failed to exhaust administrative remedies. *See Sobitan v. Glud,* No. 06-C-5366, 2007 WL 2608828 at *1 (N.D.Ill. Sept. 4, 2007).

"speculative level." *E.E.O. C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, . . . 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* __U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 550 U.S. at 563.

The government argues:

1. Insofar as Count 1 alleges that employees of the United States violated the Eighth Amendment, the United States has not waived sovereign immunity for a constitutional claim;

2. The United States retains sovereign immunity relative to claims of sexual assault, because under Illinois law such conduct falls outside the scope of employment; and

3. The United States retains sovereign immunity against punitive damages.

Plaintiff does not address the government's specific arguments; rather, plaintiff asserts:

1. The individual defendants' actions were conducted substantially within the time and location of their employment;

2. The individual defendants' actions were conducted, at least in part, to further their employer's business;

3. Plaintiff states a colorable FTCA claim, which does not preclude an Eighth Amendment claim; and

4. The improper inclusion of a sexual assault allegation does not sink Count 1 in its entirety.

Federal Rule of Civil Procedure 8(a) does not require that legal theories be plead. A complaint can only be dismissed if "there is no *possible* interpretation of the complaint under which it can state a claim." *Treadway v. Gateway Chevrolet Oldsmobile, Inc.,* 362 F.3d 971, 981 (7th Cir. 2004) (emphasis added); *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Alternate statements of a claim may be set forth in a single count, and the pleading is sufficient if any one of them is sufficient. Fed.R.Civ.P. 8(d)(2). However, "[a] litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense ...." *U.S. Gypsum Co. v. Indiana Gas Co., Inc.,* 350 F.3d 623, 626 (7th Cir. 2003).

In *Williams v. Fleming*, 597 F.3d 820, 823 (7th Cir. 2010), the Court of Appeals for the Seventh Circuit characterized the sovereign immunity waiver exceptions in 28 U.S.C. § 2680(a-n) as "mandatory rules of decision," which go to the merits of the case.[5] Thus, at first blush it would appear that dismissal under Rule 12(b)(6) would be inappropriate. However, as observed in *Williams*, "if a § 2680 exception applies, then courts should relieve the United States from the burden of defending against a lawsuit." *Williams*, 597 F.3d at 824. Thus, in *Williams* and other cases, the Court of Appeals for the Seventh Circuit has upheld dismissal via Rule 12(b)(6) of FTCA claims due to a sovereign immunity defense. *See also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (dismissal via Rule 12(b)(6)). The appellate court has not abandoned the principle that affirmative defenses are not to be addressed via Rule 12. Rather, it is consistent with the notion that immunity questions should be resolved at the earliest opportunity (*see Hunter v. Bryant*, 502 U.S. 224, 227

---

[5] The government does not specifically cite 28 U.S.C. § 2680, but the rationale is equally applicable to the government's argument that the United States has not waived sovereign immunity for suit under the FTCA for constitutional torts (*see F.D.I.C. v. Meyer,* 510 U.S. 471, 485-486 (1994); *United States Postal Serv. v. Flamingo Industries (USA) Ltd.,* 540 U.S. 736, 743 (2004); and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The scope of the FTCA is sketched out relative to the government's Rule 12(b)(1) argument and will not be repeated.

(1991)), and, if the complaint is deficient on its face, dismissal via Rule 12(b)(6) is appropriate. *Massey*, 221 F.3d at 1034; *see also Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005) (dismissal via Rule 12(b)(6) due to statute of limitations). With that said, in a situation such as this, where alternate claims are set forth in a single count, the pleading is sufficient as long as one statement is legally sufficient under Rule 12(b)(6).

As discussed in relation to Rule 12(b)(1), Count 1 can be read to sufficiently state an FTCA claim for assault and battery. Consequently, Count 1 passes muster under Rules 8(d)(2) and 12(b)(6). Therefore, the Court will proceed to consider the government's other arguments parsing Count 1, but only insofar as plaintiff will be directed to amend his complaint accordingly.

### The Eighth Amendment Allegations

Insofar as Count 1 claims a violation of the Eighth Amendment, that sub-claim must be excised in accordance with *F.D.I.C. v. Meyer,* 510 U.S. 471, 485-486 (1994), and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### Allegations of Sexual Assault

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, *et seq.*, is the exclusive remedy for common-law torts committed by federal employees acting *within the scope of their employment.* 28 U.S.C. § 2679(b)(1). The United States asserts that it retains sovereign immunity relative to claims of sexual assault, because under Illinois law such conduct falls outside the scope of employment. *See Deloney v. Board of Education of Thorton*, 666 N.E.2d 791, 796-798 (Ill.App. 1st Dist. 1996) (collecting cases regarding sexual assault). Plaintiff concedes this argument. (Doc. 63, p. 7). Therefore, this sub-claim must be removed from Count 1.

### Punitive Damages

Count 1 also prays for compensatory and punitive damages (Doc. 55, p. 9). The United States asserts that, per 28 U.S.C. § 2674, it retains sovereign immunity against punitive damages. Although plaintiff has not addressed this issue, Section 2674 unequivocally bars punitive damages. *See generally Johnson v. Daley*, 339 F.3d 582, 588 (7th Cir. 2003). Therefore, plaintiff's prayer for punitive damages must be excised from Count 1.

### Further Amendment of the Complaint

For the aforestated reasons, several allegations and/or sub-claims, and the prayer for punitive damages must be excised from Count 1. Other allegations of assault and battery framed in Count 1 may proceed. Perhaps anticipating this outcome, Plaintiff has proposed amending the current version of the complaint by interlineation, so that Count 1 only asserts assault and battery claims under the FTCA. Local Rule 15.1 does not permit amendment by interlineation; all of plaintiff's claims must be set forth in any amended complaint. As a result, plaintiff must file a "Second Amended Complaint" in accordance with this order. *No additional claims shall be added.*

In light of the forgoing, the defendant United States of America's motion to dismiss Count 1 of the First Amended Complaint (Doc. 56) is **DENIED**. Plaintiff Anthony Kingsberry **SHALL** file his "Second Amended Complaint" on or before **November 29, 2010**. The defendants shall file their responsive pleadings in accordance with Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

DATED November 8, 2010.

/s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge