IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY KINGSBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-cv-00118-DGW |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 121) and Plaintiff's Opposition (Doc. 122). For the reasons stated below, Defendants' motion is **DENIED**.

On February 12, 2007, Plaintiff, proceeding *pro se*, filed this action for deprivations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Torts Claim Act (FTCA), 28 U.S.C. § 2671 *et seq*. (Doc. 1). The Complaint did not contain a jury demand. *Id*. Shortly after the appointment of counsel, Plaintiff filed an Amended Complaint demanding a trial by jury (Doc. 55). Defendants filed answers to the Amended Complaint, but did not raise any objection to Plaintiff's jury demand (Docs. 56, 57, 58, 59, 60). Plaintiff filed a Second Amended Complaint on November 24, 2010, which also demanded a trial by jury (Doc. 81). Again, Defendants raised no objections to Plaintiff's jury demand (Docs. 83, 84, 85, 86 and 87). Defendants now request that the Court strike Plaintiff's jury demand as untimely filed.

At the time Plaintiff's Complaint was filed, Federal Rule of Civil Procedure 38(b)(1) provided that any party could demand a jury trial by serving upon the other party a jury demand at any time after the commencement of the action, but not later than ten days after service of the

last pleading directed to such issue. Fed. R. Civ. P. 38(b)(1).[1] Failure to make a jury demand within the specified time constitutes waiver of a jury trial. Fed.R.Civ.P. 38(d). However, under Rule 39(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The decision whether to permit the late request is a discretionary one. *See Members v. Paige*, 140 F.3d 699, 703 (7th Cir. 1998) (calling Rule 39(b) an "open-ended grant of discretion"). "In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted." *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir.1983) (district court abused its discretion when it denied blind *pro se* plaintiff's untimely motion for jury trial which was made more than one month before trial date assigned); *see also Members*, 140 F.3d at 704 ("lack of legal assistance may supply (or be) a good reason for a favorable exercise of discretion under Rule 39(b)").

Here, Defendants had ample opportunity to raise an objection to Plaintiff's jury demand after the First Amended Complaint was filed July 2, 2010 and after the Second Amended Complaint on November 9, 2010. However, they chose not to do so. Defendants have failed to present strong and compelling reasons to deny Plaintiff's late jury demand, and have pointed to no cognizable prejudice they would face if this case were to proceed to a jury. Accordingly, Defendants' Motion to Strike Plaintiff's Jury Demand (Doc. 121) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: March 22, 2012**

                                                           **DONALD G. WILKERSON**
                                                           **United States Magistrate Judge**

---

[1] As of December 1, 2009, Rule 38(b) has been revised to provide the parties fourteen days, rather than ten, to make a demand for a jury trial.