IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY KINGSBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-00118-DGW |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## AMENDED ORDER

Currently pending before the Court is a Motion to Compel the United States to Permit the Depositions of James Nesler and Derek Edge filed by Plaintiff Anthony Kingsberry (Doc. 118) and a Response filed by Defendants United States of America, George Sample, Jon Reynolds, Marvin Thompson and R.L. (Cruse) Reynolds (Doc. 119). For the reasons stated below, the motion is **GRANTED in PART** and **DENIED in PART**.

### Background

Plaintiff Anthony Kingsberry, an inmate in the custody of the Federal Bureau of Prisons, alleges that he was severely beaten and disfigured by correctional officers while incarcerated at the United States Penitentiary at Marion, Illinois ("USP Marion") (Doc. 81). In support of his action, Plaintiff seeks to depose James Nesler ("Nesler") and Derek Edge ("Edge"), two non-parties that he believes have information critical to his case (Doc. 118). Among other things, Plaintiff believes that Nesler and Edge can provide evidence that correctional officers at the United States Penitentiary in Marion adhere to an unwritten "code of silence" which requires them to cover up inmate abuse and, if necessary, submit false affidavits and give false testimony. *Id.*

On December 21, 2011, Plaintiff contacted counsel for Defendant United States of America ("Government") requesting permission to depose Nesler and Edge, and provided Defendant written summaries of the testimony to be sought from each witness (Doc. 118). Plaintiff then proceeded to serve Nesler with a subpoena issued from this Court, and Edge with a subpoena issued from the United States District Court for the Eastern District of North Carolina setting depositions to occur in North Carolina and Illinois on January 9, 2012 (Doc. 188-5).

In letters dated December 30, 2011 and January 3, 2012, the Government stated that Plaintiff's request to conduct depositions of Nesler and Edge were denied because they were "forbidden as a matter of law to respond" pursuant 28 C.F.R. § 16.21 *et seq.*, generally referred to as the *Touhy* regulations (Docs. 118-6, 118-7). The Government further objected to the depositions of Nesler and Edge on the basis that any testimony elicited by them would be protected by the Law Enforcement and Deliberative Process Privileges, the Privacy Act, the BOP Program Statement 2420.08, *Standards of Employee Conduct* and the Court's Order dated November 16, 2011 (Docs. 118-6, 118-7, 102).

Plaintiff has now filed a Motion to Compel the United States to Permit the Depositions of Nesler and Edge (Doc. 118). Plaintiff contends that *Touhy* regulations do not provide an independent basis for blocking the depositions of Nesler and Edge. *Id*. Therefore, Plaintiff argues, if Defendant wishes to prevent the depositions of Nesler and Edge, it must demonstrate that the depositions be quashed pursuant to Federal Rule of Civil Procedure 45. *Id*.

In response, Defendants argue that the Court lacks the authority to compel Edge, a non-party residing in North Carolina, to submit to a deposition (Doc. 119). Additionally, they contend that the subpoenas require disclosure of privileged or other protected matters, seeks information outside the scope of discovery and would subject Defendants to undue burden.

**Discussion**

Defendants have failed to comply with the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 45(c), a party objecting to a deposition subpoena must file a motion to quash or modify the subpoena. Unlike a subpoena seeking the production of documents, a subpoena seeking a testimonial deposition cannot be objected to with written notice. Therefore, Defendants' letters in response to Plaintiff's request for permission to depose Nesler and Edge, and their response to the present motion do not constitute a motion to quash or modify the subpoenas under Rule 45.

Accordingly, the Court hereby **GRANTS in PART** Plaintiff's Motion. Plaintiff is **ORDERED** to re-issue the subpoena to James Nesler by **April 16, 2012**. If Defendants object to the deposition of Mr. Nesler, they are required to file a motion to quash or modify the subpoena pursuant to Rule 45. Plaintiff's Motion is **DENIED** as it relates to the deposition of Derek Edge. As is apparent in the language of Federal Rule of Civil Procedure 45, it is not within this Court's power to enforce, quash or modify the subpoena issued from the federal court in North Carolina. Fed. R. Civ. P. 45 (c); *Morrison v. YTB International, Inc.*, Case No. 10-305, 2010 WL 1752579, *2 (S.D. Ill. April 30, 2010); *Citgo Petroleum Corp. v. Ranger Enterprises, Inc.*, Case No. 07-cv-657, 2009 WL 2058213, *1 (W.D. Wis. July 13, 2009). Therefore, if Defendants object to the deposition of Mr. Edge, they must file a motion to quash or modify the subpoena in the district court for the Eastern District of North Carolina.

    **IT IS SO ORDERED**.

    **DATED: April 16, 2012**

                                                            **DONALD G. WILKERSON**
                                                            **United States Magistrate Judge**